**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JEANNETTE CONRAD, | : | Case No. 18-cv-764 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| U.S. BANK NATIONAL | : | |
| ASSOCIATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. 16)**

This civil action is before the Court on the (second) motion for partial judgment on the pleadings of Defendants U.S. Bank National Association ("U.S. Bank") and Alesia Douglas (Doc. 16) and the parties' responsive memoranda (Docs. 17-1, 18-1), as well as Plaintiff's motion for leave to respond, *instanter*, to Defendants' motion (Doc. 17) and the parties' responsive memoranda (Docs. 18, 19).

## I.     BACKGROUND

Plaintiff Jeannette Conrad brings this action against Defendants for age discrimination and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, *et seq*., and Ohio state law.  Conrad was employed by Defendant U.S. Bank as a Senior Compliance Officer from July 2014 until she was terminated on or about July 29, 2017.  (Doc. 1 ¶ 16).  Defendant Douglas was Conrad's supervisor at U.S. Bank.  During the relevant time period, Plaintiff was 44 years old. (*Id.* ¶ 15).

Conrad alleges that she was subjected to scrutiny and harassment based on her age by her supervisors, primarily Douglas. (*Id.* ¶ 23). Conrad expressed a desire to transfer after being placed under Douglas, but was then placed on a performance improvement plan ("PIP") on or around March 2017 by Douglas. (*Id.* ¶¶ 20, 25). Conrad states she was placed on a PIP even though she was an above-average performer and had no attendance issues. (*Id.* ¶ 25). Conrad was blocked from applying for a transfer because she was placed on the PIP. (*Id.* ¶ 21).

Conrad alleges that Douglas extended the PIP because Conrad took an approved disability leave under the FMLA. (*Id.* ¶ 27). Conrad states that she submitted complaints about Douglas' alleged discrimination and harassment to human resources and Douglas' manager before and after being placed on the PIP. (*Id.* ¶¶ 31–32). Conrad alleges that she was retaliated against for making complaints and was ultimately terminated in July 2017. (*Id.* ¶¶ 34–35).

Conrad later applied for unemployment benefits, which U.S. Bank opposed. The Unemployment Commission found that U.S. Bank did not have just cause in its termination of Conrad. (*Id.* ¶ 41). Conrad alleges she was in fact terminated due to her age and/or in retaliation for making complaints of discrimination and harassment in the workplace. (*Id.* ¶ 42). Conrad alleges that she has suffered severe emotional distress, anxiety, and depression. (*Id.* ¶ 43).

Conrad filed the initial complaint on November 6, 2018 asserting the following five claims: (1) age discrimination in violation of Ohio Revised Code ("R.C.") §§ 4112.02 and 4112.99; (2) wrongful termination based on age discrimination;

(3) retaliation in violation of R.C. § 4112.02(I); (4) retaliation in violation of the FMLA; and (5) intentional infliction of emotional distress. (Doc. 1 ¶¶ 44-80). On December 18, 2018, Defendants filed a motion for judgment on the pleadings asserting that Plaintiff's state-law claims—Counts I, II, III, and V—should be dismissed. (Doc. 11 at 2). In particular, Defendants argued that Counts I and III are barred by the 180-day statute of limitations set forth in R.C. § 4112.02(L). (*Id*. at 3). Subsequently, Conrad filed an amended complaint, without seeking leave of court, to address the issues raised in Defendants' first motion for partial judgment on the pleadings. (Doc. 12).[1] In the amended complaint, Plaintiff reasserts the same five grounds, but changes the statutory basis for her state-law age discrimination claim. Accordingly, the amended complaint asserts the following five counts: (1) age discrimination in violation of R.C. §§ 4112.14 and 4112.99; (2) wrongful termination based on age discrimination; (3) retaliation in violation of R.C. § 4112.02(I); (4) retaliation in violation of the FMLA; and (5) intentional infliction of emotional distress. (*Id.* ¶¶ 44–83).

---

[1] Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend a pleading once as a matter of course within "21 days after service of a motion **under Rule 12(b), (e), or (f)**." (emphasis added). However, the Rule does not allow a party to file an amended pleading, without first seeking leave of court, in response to a motion for judgment on the pleadings under Rule 12(c). *See, e.g.*, *Daniel v. Midland Funding, LLC, et al.*, No. 15-cv-10956, 2016 WL 4253886, at *2 (E.D. Mich. Aug. 12, 2016); *see also* 3 Moore's Federal Practice – Civil § 15.12 (Matthew Bender 2019). Nevertheless, the Court will *sua sponte* consider whether Plaintiff should be granted leave to amend her complaint and will proceed to address Defendants' second motion for partial judgment on the pleadings aimed at the amended complaint. *See CareToLive v. von Eschenbach*, 525 F. Supp. 2d 952, 971 (S.D. Ohio 2007) ("The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.") (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)); *Sahm v. Miami Univ.*, No. 1:14-cv-698, 2015 WL 93631, at *6 (S.D. Ohio Jan. 7, 2015) (*sua sponte* granting the plaintiff leave to amend the complaint).

Defendants then filed a second motion for partial judgment on the pleadings reasserting that Counts I, II, III, and V should be dismissed and arguing that Plaintiff should not be permitted to amend her complaint. (Doc. 16). Conrad did not timely respond to Defendants' motion for partial judgment on the pleadings. One week after the deadline to file a response, Conrad filed a motion for leave to respond, *instanter*, to the Defendants' motion. (Doc. 17). Conrad's motion attached the proposed response to Defendants' second motion for judgment on the pleadings. (Doc. 17-1). Defendants opposed Conrad's motion for leave to respond (Doc. 18) and attached a reply in further support of the motion for partial judgment on the pleadings. (Doc. 18-1). The pending motions are ripe for review.

## II.    MOTION FOR LEAVE TO RESPOND

Before analyzing the motion for partial judgment on the pleadings, the Court must determine whether it will consider Plaintiff's untimely response in opposition to the motion.

Pursuant to Local Rule 7.2(a)(2), Plaintiff's response brief should have been filed on February 5, 2019. However, "due to excusable neglect on [Plaintiff's] counsel's part, counsel inadvertently calendared the wrong date for his response." (Doc. 17 at 1). Plaintiff filed the motion to file a response to Defendants' motion for partial judgment on the pleadings out of time, including her response, on February 12, 2019—one week after the deadline under the Local Rules.

Federal Rule of Civil Procedure 6 provides that a court may, for good cause, extend the time to file a "motion made after the time has expired if the party failed to act

because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Sixth Circuit has described the standard, commonly referred to as the "*Pioneer* factors," for determining whether counsel's neglect is excusable:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer*, 507 U.S. at 395. As a general rule, "excusable neglect" does not require that counsel have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388. It is clear that incorrectly calendaring a response date constitutes neglect, so the Court must determine if that neglect is excusable by applying the *Pioneer* factors.

The first factor weighs in favor of Plaintiff because Defendants are not prejudiced by Plaintiff's late response—Defendants do not even argue that they are prejudiced. The second factor also weighs in favor of Plaintiff because the late response was filed only seven days after the deadline and in no way has impacted this judicial proceeding. The third *Pioneer* factor weighs slightly against Plaintiff because her only reason for the delay was a calendaring error. Defendants cite to several cases where this reason has been rejected by other courts. (Doc. 18 at 2). Plaintiff's reason for the late response is not a

good one, but it still falls within the "inadvertence, mistake, or carelessness" that can constitute excusable neglect. *Pioneer*, 507 U.S. at 388. The fourth *Pioneer* factor also weighs against Plaintiff because the delay at issue was clearly within Plaintiff's counsel's control.

The fifth *Pioneer* factor weighs in favor of Plaintiff because the Court finds that Plaintiff's counsel has acted in good faith. Defendants seem to argue that Plaintiff did not act in good faith because she filed the motion for leave to file response before contacting Defendants. (Doc. 18 at 1). However, Plaintiff's counsel notes that she filed the motion as soon as she realized her error in order avoid delaying proceedings. (Doc. 19 at 3–4). The Court finds that this does not demonstrate that Plaintiff's counsel was acting in bad faith.

Upon balancing the five *Pioneer* factors, the Court finds that Plaintiff's counsel's neglect is excusable. Accordingly, the Court grants Plaintiff's motion for leave to respond, *instanter* (Doc. 17), and will consider her response (Doc. 17-1).

### III.   MOTION FOR JUDGMENT ON THE PLEADINGS

#### A.   Standard of Review

The standard of review for a Rule 12(c) motion is the same as that for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing

*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  That is, a court should grant a motion for judgment on the pleadings under Rule 12(c) only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

To show grounds for relief, Federal Rule of Civil Procedure 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.*

### B. Analysis

#### 1. Counts I and III

Defendants ague in their second motion for partial judgment on the pleadings that Counts I and III of Plaintiff's amended complaint—age discrimination in violation of Ohio Revised Code ("R.C.") §§ 4112.14 and 4112.99 and retaliation in violation of R.C. § 4112.02(I)—should be dismissed as untimely under the 180-day statute of limitations provided by R.C. § 4112.02(L). (Doc. 16 at 2). More specifically, Defendants assert that Plaintiff should not be permitted to "re-plead" her state age-discrimination claim in an amended complaint under R.C. § 4112.14, which provides a more generous six-year statute of limitations, after originally "electing" R.C. § 4112.02 in her initial complaint. (*Id.* at 2, 3-6). In response, Plaintiff states that the original complaint inadvertently listed R.C. § 4112.02, rather than R.C. § 4112.14; a "clerical error" that is corrected by the amended complaint. (Doc. 17-1 at 1, 5).

Ohio law provides several distinct avenues for challenging age discrimination. One such avenue is R.C. § 4112.02, a general anti-discrimination statute that prohibits employers and employment agencies from discriminating on the basis of "race, color, religion, sex, military status, national origin, disability, age, or ancestry." R.C. § 4112.02(A)-(B). In addition, R.C. § 4112.02(I) prohibits retaliation based on a person's challenge to an unlawful discriminatory practice. The statute of limitations for age-

discrimination claims brought under R.C. 4112.02, including retaliation claims premised on age discrimination, is 180 days. R.C. § 4112.02(L) ("[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred and eighty days after the alleged unlawful discriminatory practice occurred."); *Jones v. Bd. of Election*, No. 83470, 2004 WL 2002470, at *3 (Ohio Ct. App. Sept. 9, 2004); *see also Rosecrans v. Vill. of Wellington*, No. 1:15-cv-128, 2016 WL 165450, at *5 (N.D. Ohio Jan. 14, 2016) (finding retaliation claim brought under R.C. §§ 4112.02 and 4112.99 barred by 180-day statute of limitations).

Ohio's statutory scheme also includes a provision that specifically prohibits age discrimination by employers—R.C. § 4112.14. This section states that "[a]ny person aged forty or older who is discriminated against in any job opening or discharged without just cause . . . may institute a civil action against the employer . . . ." R.C. § 4112.14(B). Although the statutory text of § 4112.14 does not provide a statute of limitations, courts have found that claims brought under this section are governed by a six-year statute of limitations. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 518 (6th Cir. 2001); *Morris v. Kaiser Eng'rs, Inc.*, 471 N.E.2d 471, 474 (Ohio 1984); *see also Meyer v. UPS*, 909 N.E.2d 106, 118 n.11 (Ohio 2009).[2]

Lastly, R.C. § 4112.99 is a general "gap-filling" provision that provides an independent cause of action for discrimination defined in Chapter 4112, including age

---

[2] In *Morris*, the Supreme Court of Ohio found that because R.C. § 4112.14 does not specify a statute of limitations, the six-year statute of limitations for "an action . . . upon a liability created by statute" set forth in R.C. § 2305.07 applies. *Morris*, 471 N.E.2d at 475.

discrimination as defined in §§ 4112.02 and 4112.14.[3] *Ziegler*, 249 F.3d at 514 (citing

*Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056, 1057-58 (Ohio 1991)); *Leininger v.*

*Pioneer Nat'l Latex*, 875 N.E.2d 36, 43 (Ohio 2007); *Meyer*, 909 N.E.2d at 113.  Thus, a

plaintiff may bring an age discrimination claim under R.C. § 4112.99 premised upon a

violation of the more specific provisions addressing age discrimination—§ 4112.02 or

§ 4112.14.  *Meyer*, 909 N.E.2d at 113.  Such claims are subject to the substantive

provisions of R.C. §§ 4112.02 or 4112.14.  *Id.* (applying principle of statutory

construction that more specific provisions prevail over general provisions).  Accordingly,

the Supreme Court of Ohio has found that a § 4112.99 claim based on a § 4112.02

violation is subject to the 180-day statute of limitations contained in § 4112.02(L).  *Id.* at

111 (citing *Bellian v. Bicron Corp.*, 634 N.E.2d 608, 610 (Ohio 1994)).

Because § 4112.14 does not specifically provide a statute of limitations, it is less

certain which statute of limitations applies to cases brought under § 4112.99 premised

upon a § 4112.14 violation.[4]  The Supreme Court of Ohio has not directly addressed this

issue.  However, based on the reasoning of *Meyer* that claims brought under § 4112.99

are governed by the substantive provisions of §§ 4112.02 and 4112.14, and considering

that courts have found that claims brought under § 4112.14 are subject to a six-year

---

[3] The Ohio Revised Code includes a fifth mechanism for challenging age discrimination that Plaintiff does not rely on—R.C. § 4112.05, which provides an administrative remedy by permitting an employee to bring a complaint before the Ohio Civil Rights Commission.

[4] Although the opinion in *Bellian* states that *any* age discrimination claim brought under Chapter 4112 is subject to the 180-day statute of limitations in § 4112.02(L), this case was decided prior to the Ohio legislature's recodification of § 4101.17 to § 4112.14.  *Meyer*, 909 N.E.2d at 111 (noting at the time of *Bellian*, § 4112.02 was the only specific provision in Chapter 4112 addressing age discrimination).

statute of limitations, this Court finds that a six-year statute of limitations applies to § 4112.99 claims premised upon a § 4112.14 violation. *See e.g.*, *Coy v. Cty. of Delaware*, No. 2:12-cv-381, 2013 WL 1282028, at *4-5 (S.D. Ohio Mar. 26, 2013); *Reminder v. Roadway Express, Inc.*, No. 5:04-cv-2581, 2006 WL 51129, at *5 (N.D. Ohio Jan. 10, 2006).

The various avenues for challenging age discrimination under Ohio law are mutually exclusive; therefore, a plaintiff must "elect" which statutory provision upon which she is relying. *Meyer*, 909 N.E.2d at 114 (citing *Leininger*, 875 N.E.2d at 43-44); *Morris, Inc.*, 471 N.E.2d at 473; *Raub v. Garwood*, No. 22210, 2005 WL 662932, at *3 (Ohio Ct. App. Mar. 23, 2005).[5] A plaintiff may initially plead R.C. §§ 4112.02, 4112.14, and 4112.99 simultaneously and in the alternative, but "must elect his sole remedy when an employer files a motion to dismiss." *Wood v. Summit Cty. Fiscal Office*, 377 F. App'x 512, 514 (6th Cir. 2010) (quoting *Raub*, 2005 WL 662932, at *3). In other words, a plaintiff can postpone deciding which provision to rely upon until faced with a motion to dismiss, but cannot, after that juncture, continue to plead multiple bases and "ask the court to sort it out." *Id.*

Here, Plaintiff's original complaint cited R.C. §§ 4112.02 and 4112.99 for the state-law age discrimination claim in Count I. (Doc. 1 ¶ 48). After Defendants argued in their first motion for judgment on the pleadings that this claim is barred by R.C.

_____

[5] R.C. § 4112.02(L) states that "[a] person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code . . . ." Similarly, § 4112.14(B) states that "any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (L) of section 4112.02 of the Revised Code . . . ."

§ 4112.02(L)'s 180-day statute of limitations, Plaintiff filed an amended complaint asserting age discrimination in Count I under R.C. §§ 4112.14 and 4112.99. (Doc. 12 ¶ 50). Thus, Plaintiff does not contest that an age discrimination claim based on R.C. §§ 4112.02 and 4112.99 would be barred by the 180-day statute of limitations, but rather, seeks to take advantage of the longer, six-year statute of limitations by amending her complaint to assert age discrimination under §§ 4112.14 and 4112.99.[6] Yet, Defendants advocate for a strict reading of the election requirement and assert that because Plaintiff "filed a civil action" under R.C. 4112.02, she may not "institute" an action under R.C. § 4112.14 by later amending the complaint. (Doc. 16 at 5). In short, Defendants argue that because Plaintiff originally brought her age discrimination claim under § 4112.02 (and did not alternatively plead § 4112.14), she is locked in with § 4112.02 due to the election requirement. For the reasons stated below, this Court finds that Plaintiff should be permitted the opportunity to amend her complaint to allege age discrimination under R.C. §§ 4112.14 and 4112.99.

When there is no authority from a state's highest court that is directly on point, federal courts sitting in diversity must "ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Ziegler*, 249 F.3d at 517. In doing so, a federal court may not "disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (quoting

---

[6] Plaintiff was terminated from her job as a senior compliance officer for Defendant U.S. Bank on July 29, 2017 and filed the initial complaint on November 6, 2018. (Doc. 1; Doc. 12 ¶ 16).

*Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1998)).

In light of the well-settled rule that a plaintiff bringing an age discrimination claim under Ohio law may wait to select among the available statutory provisions until the defendant files a motion to dismiss, it would be incongruous and unduly harsh to prohibit a plaintiff facing dismissal from <u>amending</u> the complaint to cite a different provision than the one originally cited. *See Jenkins v. Echelon Consulting, LLC*, No. 1:15-cv-109, 2015 WL 7888395, at \*4 (S.D. Ohio Dec. 4, 2015); *Coy*, 2013 WL 1282028, at \*7; 2005 WL 662932, at \*3. It is plain from the statutory scheme that after a plaintiff files a civil action under one provision, she may not file a successive civil action based upon a different provision. Yet, Conrad does not seek to file a successive civil action. She merely seeks to amend an existing claim. By filing the amended complaint, Conrad has made clear her intention to pursue her state age-discrimination claim in Count I under R.C. §§ 4112.14 and 4112.99, rather than under §§ R.C. 4112.02 and 4112.99, and she does so at the appropriate time—in response to Defendants' motion for judgment on the pleadings. [7]

In their reply brief, Defendants cite to *Juergens v. The House of Larose, Inc.*, in which the Ohio Court of Appeals affirmed denial of the plaintiff's motion to amend the complaint to assert age discrimination under R.C. § 4112.14 rather than as initially

---

[7] It is unclear whether 4112.99 is subject to the election-of-remedies principle. *Compare Ziegler*, 249 F.2d at 512 (noting "there is some indication that Ohio courts will impute to [§ 4112.99] such an exclusivity requirement"), *with Meyer*, 909 N.E.2d at 114 ("This fourth avenue of relief [§ 4112.99] is not subject to the election of remedies.") (citing *Leininger*, 875 N.E.2d at 43). However, the Court need not decide this issue, because the statute of limitations under either provision would be six years. *Coy*, 2013 WL 1282028, at \*4-5; *Reminder*, 2006 WL 51129, at \*5.

pleaded under §§ 4112.02 and 4112.99.  No. 106972, 2019 WL 194364 (Ohio Ct. App. Jan. 10, 2019).  The court reasoned that because the plaintiff "elected to proceed solely under R.C. 4112.02" he was "barred from bringing a claim under R.C. 4112.14" by amending the complaint.  *Id.* at *7.  However, this Court is convinced that the Supreme Court of Ohio would not set forth a hard-and-fast rule prohibiting a plaintiff from amending her complaint at the motion-to-dismiss (or motion-for-judgment-on-the-pleadings) phase in order to assert age discrimination under a different statutory provision that that originally pleaded.  *Ziegler*, 249 F.3d at 517.  Such a rule would be contrary to existing Ohio precedent permitting a plaintiff to wait to elect a provision and contrary to R.C. § 4112.08's instruction to "construe[] [Chapter 4112] liberally for the accomplishment of its purposes . . . ."  *Id.*  Furthermore, in *Juergens* the plaintiff filed the motion to amend in response to the defendant's motion for summary judgment, and thus, the state court was assessing the motion to amend under a different procedural posture.

Finally, this Court must also apply Federal Rule of Civil Procedure 15 and Sixth Circuit precedent to assess whether Plaintiff should be permitted to amend her complaint. Rule 15 requires that "leave to amend be freely granted when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Moreover, the Sixth Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).  However, denial of an amendment may be appropriate where there is "[u]ndue delay in filing, lack of notice

to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Here, Plaintiff promptly filed the amended complaint ten days after Defendant's initial motion for judgment on the pleadings. Shortly thereafter, Defendants filed a second motion for judgment on the pleadings specifically directed at Plaintiff's amended complaint. This all occurred prior to the parties' deadlines to amend the pleadings and for motions directed at the pleadings, and well in advance of the discovery deadline. (*See* Doc. 15). In addition, although Plaintiff changes the statutory provision from § 4112.02 to § 4112.14 in the amended complaint, she does not otherwise alter the nature of her allegations. Thus, there is no concern of surprise to the Defendants. Although Defendants insinuate that Plaintiff seeks to amend the complaint in bad faith by engaging in "litigation gambling," as discussed above, it is permissible for a plaintiff asserting age discrimination to wait to "elect" the statutory provision she is relying upon until prompted to do so by the defendant. Furthermore, allowing Plaintiff to amend her complaint at this early stage does not prejudice the Defendants—nor do Defendants allege prejudice. Finally, because Plaintiff's amended complaint remedies the statute of limitations issue raised by Defendants with respect to Count I, the amendment is not futile.

Accordingly, the Court *sua sponte* grants Plaintiff leave to amend the complaint in order to assert age discrimination in Count I under §§ 4112.14 and 4112.99 and denies Defendants' motion for judgment on the pleadings to the extent that it seeks dismissal of

Count I as untimely. The Court grants Plaintiff leave to amend the complaint, albeit retroactively, and considers the amended complaint previously filed by the Plaintiff (Doc. 12) to be the operative complaint in this matter.

However, Plaintiff's amended complaint does not salvage Count III, which alleges retaliation under 4112.02(I) in both the original and amended complaints. (Doc. 1 ¶ 64; Doc. 12 ¶ 67). Retaliation claims based on age discrimination brought pursuant to 4112.02(I) are subject to the 180-day statute of limitations contained in 4112.02(L). *Jones*, 2004 WL 2002470, at *3; *Rosecrans*, 2016 WL 165450, at *5. Plaintiff's amended complaint states that Defendants terminated her employment on July 29, 2017 in retaliation for her "opposition to the unlawful discriminatory conduct by Defendants." (Doc. 12 ¶¶ 16, 65-66). Thus, Plaintiff's deadline to file a retaliation claim based upon 4112.02(I) was January 25, 2018. However, Plaintiff did not file the instant action until November 6, 2018. Therefore, Plaintiff's retaliation claim contained in Count III is dismissed as time-barred.

### 2. Count II

Next, Defendants argue that Count II of Plaintiff's amended complaint for "wrongful termination based on age discrimination" should be dismissed. (Doc. 16 at 6). Count II specifically alleges that Conrad was terminated on basis of age, and cites R.C. §§ 4112.14 and 4112.99. (Doc. 12 ¶¶ 53-61). Defendants interpret this claim as asserting the common-law tort of wrongful discharge in violation of Ohio's public policy against age discrimination. (Doc. 16, at 6). Based on this interpretation, Defendants argue that the claim should be dismissed because the Supreme Court of Ohio has found

that "[a] common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim for age discrimination." (*Id.*) (citing *Leininger*, 875 N.E.2d at 44).

Plaintiff does not refute Defendants' characterization of Count II,[8] nor does Plaintiff respond in any way to Defendants' argument that this claim should be dismissed. Thus, Plaintiff appears to concede this point and waives opposition to dismissal of this claim. *See, e.g.*, *Wood v. U.S. Bank Nat'l Ass'n*, No. 5:17-cv-2234, 2019 WL 1255229, at *3 (N.D. Ohio Mar. 19, 2019) (finding that "[a] party waives opposition to an argument by failing to address it in her responsive brief"); *Ohio Star Transp., LLC v. Roadway Express, Inc.*, No. 2:09-cv-261, 2010 WL 3666982, at *3 (S.D. Ohio Sept. 14, 2010); *Steele v. Jennings*, No. 2:04-cv-189, 2005 WL 2124152, at *5 n.6 (S.D. Ohio Aug. 31, 2005).

Regardless, the claim fails on the merits. To establish a common-law wrongful termination claim, Plaintiff must prove that: (1) a clear public policy exists; (2) dismissing employees under circumstances like Plaintiff's would jeopardize the public policy; (3) causation; and (4) the employer lacked overriding legitimate business justification for the dismissal. *Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995).

---

[8] Both Counts I and Count II of the amended complaint allege wrongful termination based on age. Count I is entitled "Age Discrimination in Violation of R.C. § 4412.14 and R.C. § 4412.99" and includes an allegation that Conrad was terminated due to her age. (Doc. 1 ¶ 48). Count II is entitled "Wrongful Termination based on Age Discrimination" and states that Defendants violated §§ 4412.14 and 4412.99 when they terminated Conrad. (Doc. 12 ¶¶ 60). This seems to confirm Defendant's theory that Count II's wrongful termination allegation is based upon the common-law tort of wrongful termination—otherwise, it would be a redundancy.

Plaintiff's claim appears to be based upon the clearly established public policy against age discrimination established by Chapter 4112. Yet, as Defendants correctly point out, the Supreme Court of Ohio has found that the statutory scheme provided for in Chapter 4112 adequately protects this interest, and precludes a common-law action for wrongful termination based on age discrimination. *Leininger*, 875 N.E.2d at 44; *see also Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 531 (Ohio 2002) (finding no need to recognize a common-law action for wrongful discharge where a statutory scheme adequately protects society's interests); *Valley v. Genoa Twp.*, No. 2:14-cv-2641, 2017 WL 495504, at *10 (S.D. Ohio Feb. 7, 2017). Moreover, Plaintiff had notice of Defendants' argument in the first motion for judgment on the pleadings (*see* Doc. 11 at 4), yet the subsequently filed amended complaint does not identify any public policy ground besides age discrimination. Thus, Count II of Plaintiff's amended complaint asserting wrongful termination on the basis of age is dismissed.

### 3. Count V

Finally, Defendants argue that Count V of Plaintiff's amended complaint, alleging intentional infliction of emotional distress should be dismissed for failure to state a claim. (Doc. 16 at 6-8). Under Ohio law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that

> (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1111 (6th Cir. 2008)

(quoting *Ekunsumi v. Cincinnati Restoration, Inc.*, 698 N.E.2d 503, 506 (Ohio Ct. App.

1997)).

When a plaintiff asserts intentional infliction of emotional distress related to an

underlying claim of wrongful termination, the employer's conduct "does not rise to the

level of 'extreme and outrageous conduct' without proof of something more"—even

when the termination was based on discrimination. *Id.* (quoting *Godfredson v. Hess &

Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)).  For example, the plaintiff in *Talley*

alleged that her employer engaged in extreme and outrageous conduct by lying to her

about meetings regarding her workplace accommodation, delaying calling her back to

work, threatening loss of benefits, and contacting other store locations to prevent those

locations from accommodating her disability.  542 F.3d at 1111.  In that case, the Sixth

Circuit found that "the essence of Talley's intentional infliction of emotional distress

claim is that the circumstances surrounding her termination caused her to suffer serious

emotional distress" and dismissed the claim for failing to allege "something more" than

those circumstances.  *Id.*

Here, Conrad's intentional infliction of emotional distress claim alleges

"Defendants targeted, harassed, bullied, embarrassed, and ultimately discharged Conrad

based on her age, and/or in retaliation for complaining about harassment, bullying, and

disparate treatment in the workplace."  (Doc. 12 ¶ 79).  In the fact section of the amended

complaint, Plaintiff elaborates that she "was subjected to harassment based on her age,"

"scrutinized and harassed for her age by her supervisors," unnecessarily placed on a

performance improvement plan, denied a raise or bonus, blocked from transferring, and ultimately terminated. (Doc. 12 ¶¶ 14-43). First, even accepting Plaintiff's factual allegations as true, she has failed to allege conduct rising to the level of "extreme and outrageous" that would be considered "utterly intolerable in a civilized community." *See Ekunsumi*, 698 N.E.2d at 506; *Talley*, 542 F.3d at 111; *see also Subbramanian v. Cincinnati Children's Hosp.*, No. 1:12-cv-701, 2013 WL 5487283, at *3, *3 n.2 (S.D. Ohio Sept. 29, 2013). Second, the facts underlying Plaintiff's IIED claim are indistinguishable from those underlying her wrongful termination claim. Plaintiff has failed to allege "something more" than those circumstances. *Talley*, 542 F.3d at 111. Accordingly, Plaintiff has not adequately pleaded her claim for intentional infliction of emotional distress, and Defendants are entitled to judgment on this claim as a matter of law.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons , the Court **ORDERS** that:

1) Plaintiff's motion for leave to respond, *instanter*, to Defendants' motion (Doc. 17) is **GRANTED**.

2) Defendants' motion for partial judgment on the pleadings (Doc. 16) is **GRANTED in part** and **DENIED in part**, as follows:

   a. Defendants' motion for partial judgment on the pleadings is **GRANTED** as to Counts II, III, and V, and those claims are **DISMISSED** with prejudice; and

   b. Defendants' motion for partial judgment on the pleadings is **DENIED** as to Count I, and that claim shall proceed.

3) The Court *sua sponte* **GRANTS** Plaintiff leave to amend her complaint. Plaintiff's previously filed amended complaint (Doc. 12) is hereby considered **filed of record**.

4) Defendants' first motion for partial judgment on the pleadings (Doc. 11) is **DENIED as moot**.


**IT IS SO ORDERED**.


Date: <u>June 19, 2019</u>

Timothy S. Black
United States District Judge